1 | Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
2 | EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
3 | San Francisco, California 94111-5427
Telephone: 415.398.3500
4 | Facsimile: 415.398.0955
sblackburn@ebglaw.com
5 | lmann@ebglaw.com

6 | Attorneys for Defendant,
USPROTECT CORPORATION
7 |

8 |                    **UNITED STATES DISTRICT COURT**

9 |                   **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | KHALIL POOLE,                          CASE NO.

12 |              Plaintiff,               **CV 08    0764**
                                          STATE COURT CASE NO.
13 |       v.                              RG 07-349709
                                          **(Superior Court of California,**
14 | US PROTECT CORPORATION,               **County of Alameda)**
     AND DOES 1 TO XX,
15 |                                       **DEFENDANT'S NOTICE OF REMOVAL**
              Defendant.                   **OF ACTION UNDER 28 U.S.C. § 1441**
16 |                                       **(DIVERSITY)**

17 |

18 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19 |       PLEASE TAKE NOTICE that Defendant US PROTECT CORPORATION [hereinafter

20 | "US Protect"] pursuant to 28 U.S.C. sections 1332 and 1441(b), contemporaneously with the

21 | filing of this notice, removes the below referenced action from the Superior Court in the State of

22 | California for the County of Alameda, to the United States District Court for the Northern

23 | District of California.  Removal is based on the following grounds:  There is complete diversity

24 | of citizenship between the parties.

25 |                    **PLEADINGS, PROCESS AND ORDERS**

26 |       1.      On October 4, 2007, this action was commenced in the Superior Court in and for

27 | the County of Alameda entitled *Khalil Poole v. US PROTECT CORPORATION AND DOES 1*
*TO XX*, Case No. RG 07-349709.

28 |

---

2.      Plaintiff's Complaint contains five causes of action: (1) Harassment; (2) Discrimination - disparate treatment; (3) Discrimination - disparate treatment; (4) Breach of Contract and (5) Breach of Implied Covenant of Good Faith and Fair Dealing.  On January 4, 2008, US Protect's agent for service of process received a copy of the Summons, Complaint, Notice of Judicial Assignment for All Purposes; and Notice of Case Management Conference and Order.  These documents are attached hereto as Exhibit A.  On January 31, 2008, Defendant US Protect filed an Answer to the Complaint in Alameda Superior Court; a true and correct copy of that Answer is attached hereto as Exhibit B.  US Protect is informed and believes, and thereon alleges, that other than the pleadings attached to this Notice of Removal, there have been no further pleadings, process, or orders filed in this action.

## DIVERSITY

3.      This Court has original jurisdiction under 28 U.S.C. § 1332, over this civil action, and it is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, where the amount in controversy exceeds $75,000.  It is clear from the face of the Complaint that Plaintiff is seeking damages which exceed $75,000 exclusive of interest and costs.  Plaintiff alleges in part he sustained loss of wages, salary, benefits, promotional advancements, and additional monies from being suspended and terminated from his employment has suffered emotional and physical distress and medical damages, lost employee benefits, bonuses, vacation benefits, punitive damages and attorneys fees.  Exhibit A, Complaint ¶¶ 14- 18, 26-30, 40-44, 51-55, 64-69; Prayer 1- 7.

4.      Defendant US Protect is informed and believes that Plaintiff Khalil Poole is now, and was at the time this lawsuit was filed, a citizen of the State of California, residing in a county in the State of California.  Exhibit A, Complaint ¶ 6.

5.      Defendant US Protect is now, and was at the time this lawsuit was filed, a citizen of the States of Delaware and Connecticut, incorporated under the laws of the State of Delaware, and having its principal place of business in Silver Spring, Maryland.  Accordingly, US Protect is not a citizen of the state of California, where the state court action is pending.  US Protect is the only defendant named in this action.

- 2 -

1    6.    Defendants Does I through XX, inclusive (Exhibit A, Complaint ¶ 2), are wholly

2  fictitious.  The Complaint does not set forth the identity or status of any said fictitious

3  defendants, nor does it set forth any charging allegation against any fictitious defendants.  The

4  naming of said fictitious defendants does not destroy the diversity of citizenship between the

5  parties in this action and are to be disregarded.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors*

6  *Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

7                                          **TIMELINESS OF REMOVAL**

8    7.    This Notice of Removal is timely filed in that it has been filed within 30 days of

9  defendant's notice of the complaint.

10                                                    **VENUE**

11    8.    Venue lies in the United States District Court for the Northern District of

12  California, pursuant to 28 U.S.C. §§ 1391(a) and 1441(b), because Plaintiff's state court

13  Complaint was filed in a California Superior Court within this District and this is the judicial

14  district in which the action arose.  28 U.S.C. § 84.

15        WHEREFORE Defendant US Protect prays that the above-referenced action be removed

16  from Alameda County Superior Court to this Court.

17

18  DATED:  February 1, 2008              EPSTEIN BECKER & GREEN, P.C.

19
                                         By: _____
20                                            Steven R. Blackburn
                                             Leslie J. Mann
21                                          Attorneys for Defendant
                                         USPROTECT CORPORATION
22

23

24

25

26

27

28

- 3 -

# EXHIBIT
# A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* US PROTECT CORPORATION
and Does 1 to XX

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):* KHALIL POOLE

ENDORSED
FILED

CLERK OF THE SUPERIOR COURT
By ___ BAKER ___

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon Street
Oakland, CA 94612

**CASE NUMBER:** RC 07349709

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PATRICIA POOLE-KHATIB
Attorney at Law · SBN: 135270    (510)763-7792
490 - 7th Street, Oakland, CA 94607    (510)633-9992 - fax

DATE:
*(Fecha)* OCT - 4 2007    Pat S. Sweeten    Clerk, by ___ BAKER ___, Deputy
*(Secretario)* Executive Officer/Clerk of the Superior Court    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

SUMMONS

PATRICIA POOLE KHATIB
Attorney at Law   SBN: 158210
490   7th Street
Oakland, CA 94607
(510) 763-7502
Fax: (510) 763-0902

Attorney for Plaintiff
KHALIL POOLE

ENDORSED
FILED
ALAMEDA COUNTY

OCT   4 2006

CLERK OF THE SUPERIOR COURT
By _____ PARKER
            Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

KHALIL POOLE,

      Plaintiff,

vs.

US PROTECT CORPORATION,
AND DOES 1 TO XX,

      Defendant.

CASE NO. RG 07349709

COMPLAINT FOR DAMAGES FOR
HARASSMENT; EMPLOYMENT
DISCRIMINATION; FOR WRONGFUL
DISCHARGE, BREACH OF CONTRACT,
BREACH OF THE COVENANT OF GOOD
FAITH AN FAIR DEALINGS; AND
PUNITIVE DAMAGES

Plaintiff, KHALIL POOLE, an individual, alleges:

1     Defendant US PROTECT CORPORATION (hereinafter referred to as US

Protect), is, and at all times mentioned herein was, a corporation organized and existing under

the laws of the State of California and is an entity subject to suit under the California Fair

Employment and Housing Act, Government Code Section 12900 et seq. (hereinafter referred to

as FEHA) in that defendant is an employer who regularly employs five or more persons.

2.     Defendants DOES 1 – XX were at all times relevant herein employees, agents,

and/or members of the Board of Directors of Defendant US PROTECT. Plaintiff POOLE is

ignorant of the true names and capacities of Defendants sued herein as Does 1 – XX, inclusive.

COMPLAINT FOR DAMAGES - 1

and therefore sues these Defendants by such fictitious names. Plaintiff POOLE will amend the complaint to allege their true names and capacities when ascertained. Plaintiff POOLE is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff POOLE's injuries as herein alleged were proximately caused by the aforementioned defendants.

3.     Plaintiff POOLE is informed and believes, and thereon alleges that at all times herein-mentioned, Defendants, and each of them, were, at all times relevant to this action, the owners, operators, agents, representatives, Principals, Officers, stockholder, and/or employees of each of the other defendants and/or remaining Doe defendants, and were at all times acting within the scope, capacity and purpose of said agency, office and/or employment of each named and/or Doe Defendant, and each defendant has ratified, approved and/or knowingly participated in the acts and/or actions of his agents, owners, operators, Stockholders, and/or employees, as alleged herein which caused injury and damages proximately thereby to Plaintiff POOLE as herein alleged.

4.     Plaintiff was employed by Defendant U S Protect and Defendant U S Protect was, at all times herein relevant hereto, and is an employer within the meaning and regulations of the FEHA.

5.     The unlawful employment practices complained of herein occurred in the City of Berkeley, County of Alameda ; City of Alameda, County of Alameda , State of California.

6.     Plaintiff is an adult person and a resident of the City of Oakland, State of California, County of Alameda.

7.     Plaintiff is an African American and a member of the group protected by the FEHA.

8.    On or about August 23, 2004, Plaintiff was hired by Defendant US Protect as a security guard. Plaintiff remained under the employment of Defendant US Protect until on or about July 13, 2006, when he was terminated without proper and just cause. At all times herein mentioned, Plaintiff POOLE was employed by Defendant US Protect as a security guard.

9.    On or about January 11, 2007, Plaintiff filed a complaint against Defendant US Protect with the California Department of Fair Employment and Housing (DFEH). On or about May 30, 2007, DFEH referred the complaint to the U.S. Equal Employment Opportunity Commission for further review.

10.    On or about July 3, 2007, the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Suit Rights to Plaintiff Poole. On or about July 9, 2007, plaintiff received the Dismissal and Notice of Suit Rights.

## FIRST CAUSE OF ACTION
### (HARASSMENT)

11.    Plaintiff incorporates Paragraphs 1 through 10 as though fully set forth at length herein.

12.    Defendant US Protect, their agents and supervisors engaged in the following actions with the intent of harassing plaintiff on account of his race: On or about May 9, 2006, Plaintiff was for suspended for 35 days for allegedly sleeping while assigned to a post at the Food and Drug Administration Facility in Alameda County on May 4, 2006. At the time a place of the alleged sleeping on the post, Plaintiff was not sleeping on the post.

13.    Defendants and their agents and supervisors knew or should have known of these harassing actions. Despite defendant's actual knowledge of the above mentioned harassment, and the knowledge of his supervisors and agents, defendant failed to take immediate and appropriate corrective actions to stop the harassment. Furthermore, before the harassment

occurred, defendant failed to take all reasonable steps to prevent such harassment from occurring.

14.    As a proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received if plaintiff had not been suspended from employment. As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

15.    As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related opportunities such as promotional advancements. As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

16.    As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

17.    As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff sustained severe mental anguish and emotional distress. As a result thereof, plaintiff has been and in the future will be required to obtain the services of physicians and incur other related medical expenses. As a result of such actions and consequent harm, plaintiff has suffered such medical damages in an amount according to proof.

18.    As a further proximate result of Defendant's actions against Plaintiff, as alleged above, Plaintiff has incurred a loss of employment benefits, including to but no limited to, health care benefits and retirement benefits, in an amount according to proof.

19.    The above-recited actions of defendants, and each of them, were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

## SECOND CAUSE OF ACTION
(Discrimination – Disparate Treatment)

20.    Plaintiff incorporates Paragraphs 1 through 19 as though fully set forth at length herein.

21.    At all times herein mentioned and at all times herein relevant, Plaintiff, as an African American employee, were treated differently than non African Americans in that non African American employees were not suspended or terminated when they were found sleeping while assigned to a post.

22.    At all times herein mentioned, plaintiff was qualified to work in his position as a Security Guard.

23.    Defendants act of suspending Plaintiff constitutes disparate treatment in that the suspension was based on the fact that plaintiff is an African American.

24.    The defendant's policy or practice in suspending Plaintiff, caused plaintiff to be denied employment he desired. Defendant's policies or practices have a disparate impact on plaintiff and other persons of his race, in that it causes persons of plaintiff's race to be demonstrably disadvantaged, vis-à-vis non African Americans are permitted to perform acts of sleeping while on the post without the threat and without being suspended.

25.    Defendant's discriminatory actions against plaintiff, as alleged above, constitutes unlawful discrimination in employment in that it treats African-Americans differently than non-African Americans.

26.    As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, expenses involved in seeking other suitable employment, legal fees and additional amounts of money plaintiff would have received if plaintiff had not been terminated from employment. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

27.    As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related opportunities such as promotional advancements. As a result of such discriminatory and consequent harm, plaintiff has suffered such damages in an amount according to proof.

28.    As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

29.    As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff sustained severe mental anguish and emotional distress. As a result thereof, plaintiff has been and in the future will be required to obtain the services of

physicians and incur other related medical expenses. As a result of such discrimination and consequent harm, plaintiff has suffered such medical damages in an amount according to proof.

30.    As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has incurred a loss of employment benefits, including, but not limited to, health care benefits and retirement benefits, in an amount according to proof.

31.    The above-recited actions of defendants, and each of them, were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

## THIRD CAUSE OF ACTION
(Discrimination - Disparate treatment)

32.    Plaintiff incorporates Paragraphs 1 through 10 as though fully set forth at length herein.

33.    At the time of said termination Plaintiff was employed as a Security Guard with the responsibility of guarding the Social Security Administration Branch Office in Berkeley, California.

34.    On or about July 23, 2006, Plaintiff was terminated from employment for alleged unauthorized post abandonment.

35.    During the time Plaintiff was employed by Defendant US Protect, and at all times herein relevant, he as an African American employee were treated differently than non African Americans in that non African American employees were allowed to leave their post and were not terminated.

36.    At all times herein mentioned, plaintiff was qualified to work in the position as a Security Guard.

37.    Defendants act of terminating Plaintiff constitutes disparate treatment in that the termination was based on the fact that plaintiff is an African American.

COMPLAINT FOR DAMAGES

38.     The defendant's policy or practice in terminating Plaintiff, caused plaintiff to be denied employment he desired. Defendant's policies or practices have a disparate impact on plaintiff and other persons of his race, in that it causes persons of plaintiff's race to be demonstrably disadvantaged, vis-a-vis non African Americans are permitted to perform acts of leaving the post without the threat and without being terminated.

39.     Defendant's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment in that it treats African-Americans differently than non African Americans.

40.     As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, expenses involved in seeking other suitable employment, legal fees and additional amounts of money plaintiff would have received if plaintiff had not been terminated from employment. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

41.     As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related opportunities such as promotional advancements. As a result of such discriminatory and consequent harm, plaintiff has suffered such damages in an amount according to proof.

42.     As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As

a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

43.    As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff sustained severe mental anguish and emotional distress. As a result hereof, plaintiff has been and in the future will be required to obtain the services of physicians and incur other related medical expenses. As a result of such discrimination and consequent harm, plaintiff has suffered such medical damages in an amount according to proof.

44.    As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has incurred a loss of employment benefits, including but not limited to, health care benefits and retirement benefits, in an amount according to proof.

45.    The above-recited actions of defendants, and each of them, were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

46.    Plaintiff realleges and incorporates herein by reference paragraph 1 through 45 of this complaint as though they were fully set forth herein.

47.    Plaintiff was employed by Defendants and/or their subsidiaries for approximately 2 years and was assured on numerous occasions that he would not be terminated arbitrarily, and relied on the practices of defendant's procedures and policies regarding the causes for which employees could be discharged, to include, that Plaintiff and Defendant had entered into an implied contract that plaintiff would not be discharged unless there was good cause to do so.

48.    Based on the oral representations and promises and conduct of defendants, as set forth above, plaintiff had an employment contract with defendants that he would be employed by

defendant so long as his performance was satisfactory, and that defendant would not discharge him without good and just cause.

49.     Plaintiff at all times fulfilled his duties and conditions under the employment agreement and was ready, willing, and able to continue performing them in a competent and satisfactory manner.

50.     Notwithstanding the express promise to terminate the employment only for good cause, on or about July 23, 2006, defendant terminated plaintiff's employment.

51.     As a proximate result of defendant's breach of the employment agreement, plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at trial.

52.     As a proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additionally amount of money plaintiff would have received if plaintiff had not been terminated from employment.  As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

53.     As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related opportunities such as promotional advancements.  As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

54.     As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such

actions and subsequent harm, plaintiff has suffered such damages in an amount according to proof.

55.     As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff sustained severe mental anguish and emotional distress.  As a result thereof, plaintiff has been and in the future will be required to obtain the services of physicians and incur other related medical expenses.  As a result of such actions and consequent harm, plaintiff has suffered such medical damages in an amount according to proof.

56.     The above-recited actions of defendants, and each of them, were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

## FIFTH CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

57.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 56 of this complaint as though they were fully set forth herein.

58.     The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the agreement that he agreed to perform, or any act that would deprive plaintiff of the benefits of the contract.

59.     Plaintiff was employed by defendants and/or their subsidiaries for approximately 2 years, and reasonably relied on the provisions and policies and practices of defendants, regarding the causes for which employees could be discharged and the procedures set forth for such discharges for the expectations that defendant would apply its policies even-handedly to

afford plaintiff the protection of those procedures if defendant believed there was cause to discharge plaintiff.

60.     Plaintiff performed all the duties and conditions of employment.

61.     Defendants knew that plaintiff had fulfilled all duties and conditions of employment.

62.     Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by suspending and terminating plaintiff intentionally, maliciously, and without probable cause in bad faith.

63.     Defendant further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies and practices as applied to non-African American employees.

64.     As a proximate result of defendant's breach of aforementioned, plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at trial.

65.     As a further proximate result of defendant's breach of implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed him.

66.     As a proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received if plaintiff has not been terminated from employment. As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related opportunities such as promotional advancements. As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

68. As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such actions and consequent harm, plaintiff has suffered such damages in an amount according to proof.

69. As a further proximate result of defendant's actions against plaintiff, as alleged above, plaintiff sustained severe mental anguish and emotional distress. As a result thereof, plaintiff has been and in the future will be required to obtain the services of physicians and incur other related medical expenses. As a result of such actions and consequent harm, plaintiff has suffered such medical damages in an amount according to proof.

70. The above-recited actions of defendants, and each of them, were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For back pay, front pay, and other monetary relief according to proof;

2. For general damages according to proof;

3. For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;

4.   For compensatory damages according to proof, including lost earnings and other employment benefits, and damages for emotional distress, humiliation, and mental anguish;

5.   Expenses involved in seeking other employment, loss of health insurance, and long and short disability benefits;

6.   For interest on lost earnings and benefits at the prevailing legal rate from May 9, 2006;

7.   For punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

8.   For reasonable attorney's fees and for costs of suit incurred by plaintiff; and

9.   Plaintiff further prays for judgment against Defendants for damages as are yet unascertained.  Plaintiff will seek leave to amend this complaint to plead said damages when they are ascertained with sufficient particularity.

10.  For such other and further relief as the court may deem proper.

Dated: October 3, 2007

_____
PATRICIA POOLE-KHALIB
ATTORNEY FOR PLAINTIFF,
KHALIL POOLE

COMPLAINT FOR DAMAGES

Superior Court of California, County of Alameda



Notice of Judicial Assignment for All Purposes

Case Number: RG07349709
Case Title:    Poole VS US Protect Corporation
Date of Filing: 10/04/2007


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| Judge: | Steven A. Brick |
| Department: | 17 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland CA  94612 |
| Phone Number: | (510) 272-6131 |
| Fax Number: | (510) 267-1505 |
| Email Address: | Dept.17@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 38 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO

JUDGE Steven A. Brick

DEPARTMENT 17

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Unrepresented litigants must also comply with pertinent rules, cited above. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland. Telephone. (510) 268-7221. (2) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (click on link at the bottom of the home page). (3) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (4) Except when requested in a particular case, chambers copies of filings are not necessary.

## Schedule for Department 17

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 17 should be by email with copies to all counsel after conferring about proposed dates.

- Trials generally are held: Unless otherwise advised, Mondays through Fridays, 8:30 a.m. to 1:30 p.m. with two morning breaks. A pretrial conference may be scheduled 2 to 3 weeks before trial at 2:00 p.m. on a Friday.

- Case Management Conferences are held: Mondays through Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may obviate the need for in person conferences. Check the Register of Actions on Domain 3 days in advance.

- Law and Motion matters are heard: Wednesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 17 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard: Unless otherwise advised, Mondays and Tuesdays at 3:00 p.m.

- Ex Parte matters are heard: Tuesdays and Thursdays at 3:00 p.m. Email Dept. 17 to obtain a reservation on these calendars or to specially set a time sensitive emergency matter.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If unsucessful, Moving party may then email the Court attaching a letter (max 3 pages) outlining the dispute. Opposing party may

email a brief response within 24 hours. The Court will advise the parties how the issue will be resolved.

<u>Law and Motion Procedures</u>

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:       Dept.17@lameda.courts.ca.gov


- Ex Parte Matters
  Email:       Dept.17@lameda.courts.ca.gov


<u>Tentative Rulings</u>

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 17
- Phone: 1-866-223-2244


Dated:  10/05/2007                          Executive Officer / Clerk of the Superior Court

                                   By      _Barbara G/parketts_
                                                   Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/09/2007

By _____Barbara Ofarluu_____
Deputy Clerk

Patricia Pope-Khalid, Esq.
Law Office Regional Point-of-mark'd
480 - 14th Street
Oakland, CA 94607

CT Corporation System
818 West Seventh Sreet
Los Angeles, CA 90017



POS-015

PATRICIA POOLE KHATIB
Attorney at Law   SBN 135279
[illegible]
Oakland CA 94607

[illegible]: (510)763-7792        FACSIMILE: (510)633-9992

[illegible]: Plaintiff KHALIL POOLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
[illegible] 1225 Fallon Street
[illegible] Oakland  94612
[illegible] Rene C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: KHALIL POOLE

DEFENDANT/RESPONDENT: US PROTECT CORPORATION, et al..

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER:
RG07348709

TO (insert name of party being served): US PROTECT CORPORATION

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 12, 2007

PATRICIA POOLE-KHATIB, Attorney at Law
(TYPE OR PRINT NAME)                                            (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.

2. [X] Other (specify): Notice of Case Management Conference and Order and Notice of Judicial Assignment for All Purposes

(To be completed by recipient):

Date this form is signed:

[illegible]                                              [illegible]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT— CIVIL

Law Offices of Patricia Poole-Khatib
Attn: Poole-Konab, Patricia
390 7th Street
Oakland, CA 94607

## Superior Court of California, County of Alameda

| | |
|---|---|
| Poole | No. RG07549700 |
| Plaintiff/Petitioner(s) | |
| vs. | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER |
| S Protect Corporation | Unlimited Jurisdiction |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 02/19/2008 | Department: 17 | Judge: Steven A. Brick |
|---|---|---|
| Time: 03:00 PM | Location: Administration Building | Clerk: Lynette Rushing |
| | Third Floor | Clerk telephone: (510) 272-6131 |
| | 1221 Oak Street, Oakland CA 94612 | E-mail: |
| | | Dept.17@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1505 |

### ORDERS

1. You must:
    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b. Give notice of this conference to any party not included in this notice and file proof of service;
    c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725).

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date;
    b. Dismissing or severing claims or parties;
    c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/09/2007.

By _____

Deputy Clerk

# EXHIBIT
# B

1  Steven R. Blackburn, State Bar No. 154797
   Leslie J. Mann, State Bar No. 95467
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   sblackburn@ebglaw.com
5  lmann@ebglaw.com

6  Attorneys for Defendant,
   USPROTECT CORPORATION

7

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By E. BAKER

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ALAMEDA        **BY FAX**

10

11  KHALIL POOLE,                          CASE NO.  RG 07349709

12          Plaintiff,                      **DEFENDANT USPROTECT**
                                            **CORPORATION'S ANSWER TO**
13     v.                                   **PLAINTIFF'S COMPLAINT FOR**
                                            **DAMAGES FOR HARASSMENT;**
14  US PROTECT CORPORATION,                 **EMPLOYMENT DISCRIMINATION;**
    AND DOES 1 TO XX,                       **FOR WRONGFUL DISCHARGE,**
15                                          **BREACH OF CONTRACT; BREACH OF**
            Defendant.                      **THE COVENANT OF GOOD FAITH AN**
16                                          **FAIR DEALINGS; AND PUNITIVE**
                                            **DAMAGES**
17

18         Defendant US PROTECT CORPORATION ("US Protect"), (hereinafter known as

19  "Defendant"), by and through its attorneys, Epstein, Becker & Green, P.C., answer Plaintiff

20  Khalil Poole's Complaint for Damages ("Complaint") as follows:

21                              **GENERAL DENIAL**

22         Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally, and

23  specifically denies each and every allegation contained in Plaintiff's unverified Complaint.

24  Defendant further generally and specifically denies that Plaintiff has incurred damages in any

25  amount whatsoever, and generally and specifically denies that Plaintiff is entitled to punitive

26  damages in any amount.

27

28

SF:158353v1                                              Answer
                                                Case No.  RG 07349709

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's claims fail to state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335, 335.1, 338, 340, and any other relevant limitations period, including Cal. Government Code section 12960 et. seq. and Cal. Government Code section 12965.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

On information and belief, Plaintiff has failed and neglected to use reasonable care to minimize and mitigate his alleged damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

Plaintiff's claims are barred in whole or in part, on the grounds that Defendant's actions as they affected Plaintiff were undertaken for lawful, substantial, and justifiable business reasons.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to exhaust the administrative remedies for any such claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Claim)**

Plaintiff's claim for punitive damages is barred because the Complaint fails to state facts sufficient to meet the requirements of California Civil Code § 3294.

- 2 -

## SEVENTH AFFIRMATIVE DEFENSE
### (Preemption LMRA Section 301)

Some or all of the claims in Plaintiff's complaint are barred by Section 301 of the Labor Management Relations Act.

## EIGHTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Defendant US Protect published adequate policies to prevent unlawful discrimination harassment within US Protect's workplace, including internal complaint mechanisms which would lead to prompt, effective remedial action in the event of a verified complaint of discrimination, harassment and/or retaliation.  Plaintiff was aware of these policies but Plaintiff failed or refused to utilize said complaint procedures, and thus any alleged harm could have been avoided.

## NINTH AFFIRMATIVE DEFENSE
### (Business Judgment)

Defendant's actions with respect to Plaintiff were a legitimate exercise of U.S. Protect's business judgment which Plaintiff cannot invade.

## TENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant respectfully requests that:

1.    Plaintiff takes nothing by this action;

2.    Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    Defendant be awarded costs of suit and attorneys' fees herein; and,

- 3 -

1

2        4.     For such other and further relief as the Court deems just and proper.

3

4 DATED:  January 31, 2008               EPSTEIN BECKER & GREEN, P.C.

5

6                                    By:

7                                       Steven R. Blackburn

8                                       Leslie J. Mann
                                      Attorneys for Defendant
                                      USPROTECT CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.   I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT USPROTECT CORPORATIONS ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR HARASSMENT; EMPLOYMENT DISCRIMINATION; FOR WRONGFUL DISCHARGE, BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AN FAIR DEALINGS; AND PUNITIVE DAMAGES**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

   Patricia Poole-Khatib, Esq.          *Attorneys for Plaintiff*
   Attorney at Law
   490 7th Street                        Tel. 510-763-7792
   Oakland, CA 94607                     Fax 510-633-9992

5.   ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

6.   I served the documents by the means described in item 5 on *(date):*  January 31, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 01/31/08 | Virginia Li | |
|----------|-------------|--|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 5 -

SF:158353v1

Answer
Case No.  RG 07349709

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

1.    At the time of service I was at least 18 years of age and **not a party to this legal action**.

4

2.    My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

5

6

3.    I served copies of the following documents (specify the exact title of each document served):

7

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

8

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

9

Patricia Poole-Khatib, Esq.                    Attorney for Plaintiff

10

Attorney at Law
490 7th Street,

11

Oakland, CA 94607

12

Tel: (510)763-7792

13

Fax: (510)633-9992

5.    b.  ☒    **By United States mail**.  I enclosed the documents in a sealed envelope or package

14

addressed to the persons at the addresses in item 4 and *(specify one):*

15

(1)  ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

16

17

(2)  ☒    placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this

18

business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United

19

States Postal Service, in a sealed envelope with postage fully prepaid.

20

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

21

22

6.    I served the documents by the means described in item 5 on *(date):* February 1, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is

23

true and correct.

24

| 02/01/08 | Virginia Li | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

25

26

27

28

- 4 -